BEFORE THE THIRD DIVISION, JUNE 5, 1942

No. 47275.—Petition 6241–R of New York Merchandise Co., Inc. (Los Angeles).

Opinion by KEEFE, J. At the trial it was disclosed that the merchandise was entered at the invoice prices and later the petitioner discovered that the prices had advanced and the entry was amended. In doing so, however, the petitioner erred in arriving at the total number of square feet. The petitioner was in constant touch with the customs officials and made full disclosure of all the information before him. The customs agent made an investigation of the matter and filed his report which was admitted by consent. In view of the record thus made the petition was granted.

No. 47276.—Petition 6203–R of Charbert Import Corp. (New York).

Opinion by KEEFE, J. At the trial the president of the petitioning corporation testified that he issued instructions to his broker to enter the merchandise at the invoice price, which represented the full amount paid for the merchandise, and that these articles were the first of that character he had imported; that he was in communication with the appraiser concerning the value, it being the appraiser's opinion that the articles were undervalued upon entry; that he did not take advantage of an opportunity to amend his entry because he felt the invoice value represented the foreign-market price; that he allowed an advance to be made and then filed an appeal to reappraisement, but unfortunately was unable to obtain information from abroad on account of present conditions. During the entire time he furnished the customs officials with all information in his possession pertaining to the value. From the evidence presented the court was of the opinion that the petitioner acted in good faith in making his entry. The petition was therefore granted.

BEFORE THE FIRST DIVISION, JUNE 8, 1942

No. 47277.—Protests 1497–K, etc., of M. V. Jenkins (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of Seaboard v. United States (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protests were therefore sustained to that extent.